Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of so-called electron microscopes and parts thereof the same in all material respects as those the subject of *R. J. Saunders & Co., Inc.* v. *United States* (45 C. C. P. A. 87, C. A. D. 678), the claim of the plaintiff was sustained.

**No. 62512.**—Manca, Inc. *v.* United States, protest 320123-K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of parts of photographic cameras similar in all material respects to the merchandise involved in *Manca, Inc.* v. *United States* (38 Cust. Ct. 271, C. D. 1874), the claim of the plaintiff was sustained.

**No. 62513.**—Applicator Enterprises, Inc. *v.* United States, protest 328616-K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of sponges similar in all material respect to those the subject of Abstract 61191, the claim of the plaintiff was sustained.

**No. 62514.**—Schneider Bros. & Co., Inc., a/c Fieldston Trading Co., Inc. *v.* United States, protests 267143-K, 282844-K, and 289228-K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the items marked "A" consist of chairs similar in all material respects to those the subject of *Davies Turner & Co.* v. *United States* (45 C. C. P. A. 39, C. A. D. 669), the claim at 20 percent under the provision in paragraph 412, as modified by T. D. 51802, for "Furniture, * * * Chairs," was sustained. The items marked "B," stipulated to consist of furniture the same as that in C. A. D. 669, *supra*, were held dutiable at 12½ percent under the provision in said paragraph 412, as modified, *supra*, for other furniture.

**No. 62515.**—Selig Manufacturing Company, Inc. *v.* United States, protest 58/123–15096 (New Orleans).

424

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of chairs similar in all material respects to those the subject of *Davies Turner & Co.* v. *United States* (45 C. C. P. A. 39, C. A. D. 669), the claim of the plaintiff was sustained.

**No. 62516.**—Raymor Mfg. Division, Inc., and R. H. Macy Co., Inc. *v.* United States, protests 58/9100 and 58/14595 (New York).

Opinion, by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of chairs similar in all material respects to those the subject of *Davies Turner & Co.* v. *United States* (45 C. C. P. A. 39, C. A. D. 669), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, DECEMBER 3, 1958

**No. 62517.**—Marconi International Marine Communication Co., Ltd. *v.* United States, protests 275413–K and 314500–K (New York).

Opinion, by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of klystron tubes the same in all material respects as those the subject of *Marconi Instruments, Ltd.* v. *United States* (38 Cust. Ct. 311, C. D. 1880), the claim of the plaintiff was sustained.

**No. 62518.**—Croton Watch Co., Inc. *v.* United States, protest 318557–K (New York).

Opinion by LAWRENCE, J. The protest was dismissed.

**No. 62519.**—Kleyman Export Corp. *v.* United States, protests 322382–K and 324083–K (New York).

FORD, Judge: The merchandise covered by the above suits consists of rayon yarn, singles, classified under paragraph 1301 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, or the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739, and assessed with duty at 22½ cents per pound or 27½ cents per pound, respectively.